

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00287-CV

_____

IN THE INTEREST OF S.B., A CHILD

_____

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-604940-16

_____

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant J.B., proceeding pro se, attempts to appeal from an "Order Denying Motion to Disqualify or Recuse Trial Court" signed by the presiding judge of the Eighth Administrative Judicial Region. *See generally* Tex. R. Civ. P. 18a. We notified J.B. of our concern that we lack jurisdiction over this appeal because the presiding judge's order did not appear to be a final judgment or appealable interlocutory order. We cautioned him that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, we would dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

J.B. filed a response asserting that the presiding judge's order was a final judgment. He bases this assertion on Texas Civil Procedure Rule 18a's language, which states that an order *granting* a motion to recuse "is final and cannot be reviewed by appeal, mandamus, or otherwise." Tex. R. Civ. P. 18a(j)(1)(B). J.B. argues that if an order granting a recusal motion is "a Final Judgment," an order denying a recusal motion "is also a Final Judgment." Rule 18a does not support his assertion.

Rule 18a(j) provides that an order denying a motion to recuse "may be reviewed only for abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A). An order denying a recusal motion is not a final judgment or an appealable interlocutory order. *Thayer v. Thayer*, Nos. 02-14-00025-CV, 02-14-00026-CV, 2014 WL 982433, at *1 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.) (per curiam) (mem. op.); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)

(stating that generally, a judgment is final when it either (1) actually disposes of every pending claim and party or (2) clearly and unequivocally states that it finally disposes of all claims and all parties).

An order denying a motion to disqualify, on the other hand, "may be reviewed by mandamus and may be appealed in accordance with other law." Tex. R. Civ. P. 18a(j)(2). However, there is no "other law" permitting this interlocutory appeal of the order denying J.B.'s disqualification motion. *See In re D.B.*, No. 02-21-00248-CV, 2021 WL 5028437, at *1 (Tex. App.—Fort Worth Oct. 28, 2021, no pet.) (mem. op.) (citing *Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex. App.— Dallas Mar. 17, 2014, no pet.) (mem. op.)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (providing for interlocutory appeal of certain orders, which do not include orders on motions to disqualify).

This court has appellate jurisdiction over appeals from final judgments and from interlocutory orders that the Texas Legislature has specified are immediately appealable. *Lehmann*, 39 S.W.3d at 195. The presiding judge's order is not a final judgment or appealable interlocutory order. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered:  September 29, 2022